IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

JACUZZI, INC.,                          §
                                        §
            Plaintiff,                  §
                                        § Civil Action No. 3:07-CV-1090-D
VS.                                     §
                                        §
FRANKLIN ELECTRIC CO., INC.,            §
                                        §
            Defendant.                  §

MEMORANDUM OPINION
AND ORDER

Defendant's motion to dismiss under Fed. R. Civ. P. 12(b)(6) presents the question whether plaintiff has stated a claim for fraudulent inducement, given that the contract on which the claim is based clearly disclaims reliance on representations outside the contract, and that the complaint fails to allege specific facts that would make the disclaimer unenforceable. Concluding that plaintiff has not stated a claim for fraudulent inducement, the court grants defendant's motion to dismiss but allows plaintiff to replead.

I

Plaintiff Jacuzzi, Inc. ("Jacuzzi") manufactures and distributes branded bath and spa products in the construction and remodeling markets.[1] Until 2003, Jacuzzi manufactured and marketed

---

[1] For the purposes of deciding defendant's motion to dismiss, "[t]he 'court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotation marks omitted) (quoting *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)).

Jacuzzi brand underground water pumps ("Jacuzzi brand pumps"). In 2003 Jacuzzi entered into a non-exclusive license with JBD, Inc. ("JBD") to manufacture and sell Jacuzzi brand pumps. Before entering into this contract, Jacuzzi sold JBD the pertinent patents for the Jacuzzi brand pumps and the manufacturing plant and equipment that Jucuzzi had used to manufacture them. One year later, Franklin Pump Systems, a wholly-owned subsidiary of defendant Franklin Electric Company, Inc. ("Franklin"), purchased JBD and assumed the non-exclusive license agreement to manufacture and sell Jacuzzi brand pumps. Jacuzzi and Franklin extended the agreement to December 31, 2005.

In March 2005 Franklin approached Jacuzzi about obtaining an exclusive license. Negotiations were postponed, however, until August and September 2005. During the negotiations, Franklin's agents made various representations to Jacuzzi, including that Franklin's projected 2005 sales for Jacuzzi brand pumps were $20 million, and that Franklin expected $20 million or more in sales for 2006. Franklin's agents also told Jacuzzi that Franklin needed to obtain an exclusive license agreement quickly so that it could tout the contract at an industry convention in December 2005. These representations influenced Jacuzzi's decision to grant Franklin an exclusive license.

On December 12, 2005 Jacuzzi and Franklin executed a Trademark Licensing Agreement ("License Agreement") that took effect on

January 1, 2006. The License Agreement granted Franklin an exclusive right to package, label, promote, advertize, and sell Jacuzzi brand pumps.[2] Lic. Agrmt. § 2. Under the License Agreement, Franklin's exclusive right to manufacture and sell Jacuzzi brand pumps expires on December 31, 2010. Franklin has an option to renew the License Agreement for two consecutive five-year terms until December 31, 2020. To renew the contract for the first additional five years, Franklin's sales of Jacuzzi brand pumps must exceed $30 million between July 1, 2009 and June 30, 2010. To renew the contract for the second additional five years, Franklin's sales of Jacuzzi brand pumps must exceed $40 million between July 11, 2014 and June 30, 2015. The License Agreement grants Jacuzzi a 5% royalty on all sales for the first $10 million, with a declining royalty percentage as Franklin's sales increase. Franklin is not obligated to pay a minimum royalty, except to the extent it seeks to renew the License Agreement for an additional five-year term. The License Agreement contains a section entitled "Representations, Warranties and Covenants" (upper case omitted in part), but this section is silent concerning Franklin's anticipated sales of Jacuzzi brand pumps.

The License Agreement also has a merger clause that provides: "This Agreement supercedes all prior agreements and understandings

---

[2]The court can consider the License Agreement in deciding this Rule 12(b)(6) motion because it was attached to plaintiff's complaint. *See Travis v. Irby*, 326 F.3d 644, 648 (5th Cir. 2003).

of the Parties regarding the Licensed Marks in the Territories and it contains the entire understanding between the Parties with respect thereto." Lic. Agrmt. § 10.9.  Immediately following the merger clause is a provision that reflects the parties' disclaimer of reliance on representations made outside the License Agreement: "The Parties are relying solely on the representations made in the Agreement and not upon any representations made prior to the date hereof by, but not limited to, any employee or agent of the Parties." *Id.*

Franklin's sales of Jacuzzi brand pumps for 2006 totaled approximately $2 million, far short of its pre-License Agreement oral representation.  In January 2007 Jacuzzi learned that Franklin had developed a new brand of underground water pumps—J-Class pumps—that Franklin was marketing to replace Jacuzzi brand pumps. Franklin had plans to develop the J-Class pumps during the time it was negotiating the License Agreement with Jacuzzi, but Franklin did not disclose these plans to Jacuzzi.  Before going public with its plan to develop a new brand of underground water pumps that would directly compete with, and eventually replace, the Jacuzzi brand pumps, Franklin first wanted to secure the exclusive rights to the Jacuzzi brand pumps to ensure the success of the J-Class water pumps.

Jacuzzi sued Franklin in state court alleging that Franklin had fraudulently induced it to enter into the License Agreement.

It seeks rescission or, alternatively, amendment of the License Agreement. Jacuzzi avers that, in the course of negotiating the License Agreement, Franklin knowingly misrepresented to Jacuzzi that Franklin expected its 2005 sales to be $20 million and that it expected that its 2006 sales would exceed $20 million. Jacuzzi also contends that, before entering into the License Agreement, Franklin planned to market its own brand of underground water pumps that it intended would replace the Jacuzzi brand pumps. Jacuzzi maintains that Franklin did not disclose this fact to Jacuzzi until after the License Agreement was signed. According to Jacuzzi, Franklin's goal was to secure the exclusive sales rights to Jacuzzi brand pumps before it publicly announced its plan to develop a competing brand of water pump.

After Franklin removed the case to this court, it filed the instant Rule 12(b)(6) motion to dismiss. Franklin maintains that the License Agreement's disclaimer of reliance on representations prevents Jacuzzi from establishing justified reliance, an essential element of its fraudulent inducement claim.

II

"To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, ___ U.S. ___, 127 S. Ct. 1955, 1974 (2007)). "'Factual allegations

must be enough to raise a right to relief above the speculative level[.]'" *Id.* (quoting *Bell Atl.*, 127 S. Ct. at 1965). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" *Bell Atl.*, 127 S. Ct. at 1964-65 (citations, quotation marks, and brackets omitted).

III

Franklin relies principally on *Schlumberger Technology Corp. v. Swanson*, 959 S.W.2d 171 (Tex. 1997), to contend that the reliance disclaimer in the License Agreement precludes Jacuzzi's claim of fraudulent inducement. After settling a sea-mining dispute with Schlumberger Technology Corporation ("Schlumberger") by signing a release of their legal claims, the plaintiffs in *Schlumberger*, John and George Swanson ("the Swansons"), sued Schlumberger for fraudulently inducing them to sign the release. *Id.* at 174. The Swansons alleged that, in the course of negotiating the release, Schlumberger represented that a joint venture mining project in which the parties were involved was neither technologically feasible nor commercially viable, although Schlumberger knew that these statements were false. *Id.* at 174,

178.[3] The court noted that "a release is a contract, and like any other contract is subject to avoidance on grounds such as fraud or mistake." *Id.* at 178. Furthermore, "a merger clause can be avoided based on fraud in the inducement and that the parol evidence rule does not bar proof of such fraud." *Id.* at 179. The court also acknowledged that "parties may disclaim reliance on representations. And such a disclaimer, where the parties' intent is clear and specific, should be effective to negate a fraudulent inducement claim." *Id.* When a disclaimer of reliance is present in a contract, it precludes a claim of fraudulent inducement so long as the disclaimer is binding. *Id.*

Relying on "well-established rules of contract interpretation," the court first held that "the Swansons unequivocally disclaimed reliance upon representations by Schlumberger about the project's feasibility and value." *Id.* at 179-80.[4] The court then turned to the second issue: whether the

---

[3]For purposes of its opinion, the Texas Supreme Court assumed that these representations were false. *See Schlumberger*, 959 S.W.2d at 178.

[4]The relevant provision of the release agreement stated:

> each of us [the Swansons] expressly warrants and represents and does hereby state . . . and represent . . . that no promise or agreement which is not herein expressed has been made to him or her in executing this release, and that none of us is relying upon any statement or representation of any agent of the parties being released hereby. Each of us is relying on his or her own judgment and each has been

disclaimer of reliance was binding on the Swansons.  The court held that "[t]he contract and the circumstances surrounding its formation determine whether the disclaimer of reliance is binding." *Id.* at 179.  Under some circumstances, an unequivocal disclaimer of reliance may not be binding, *id.* at 181, but these circumstances were not present in *Schlumberger*.  After noting that (1) the Swansons were represented by competent legal counsel in negotiating the release, (2) the parties were dealing at arm's length, (3) the parties were quite sophisticated in the subject matter underlying the release of claims, and (4) the parties were attempting through the release to put an end to their ongoing dispute, the court concluded that "the disclaimer of reliance is binding and, as a matter of law, precludes the Swansons' claim that they were fraudulently induced to sell their interest in the sea-diamond project." *Id.* at 180-81.  The court did not indicate whether the factors it identified were the exclusive ones to be considered in determining the enforceability of a disclaimer of reliance.

IV

The court's first task is to determine whether the License Agreement clearly and unequivocally disclaims reliance on the representations that Jacuzzi alleges as the basis for its

---

> represented by Hubert Johnson as legal counsel in this matter.

*Id.* at 180.

fraudulent inducement claim.[5]

The License Agreement's section entitled "Representations, Warranties, and Covenants" (upper case omitted in part) does not mention anything about anticipated sales of Jacuzzi brand pumps. Moreover, the License Agreement explicitly provides that there will be no minimum royalty payments for the initial term (and royalty payments are based on a percentage of Jacuzzi brand pump sales). Immediately following the merger clause, the License Agreement states: "The Parties are relying solely on the representations made in the Agreement and not upon any representations made prior to the date hereof by, but not limited to, any employee or agent of the Parties." Lic. Agrmt. § 10.9. Although this disclaimer is arguably less comprehensive than the one in *Schlumberger*, the court holds that, considering the contract's other provisions, it clearly and unequivocally disclaims reliance on extrinsic representations related to anticipated sales of Jacuzzi brand pumps.

Disclaimers less clear than the one contained in the License

---

[5]Both Texas and federal courts have applied the principles of *Schlumberger* to contracts other than releases in holding that a disclaimer or reliance precludes a fraudulent inducement claim. *See, e.g., Armstrong v. Am. Home Shield Corp.*, 333 F.3d 566, 571 (5th Cir. 2003) (employment contract); *U.S. Quest Ltd. v. Kimmons*, 228 F.3d 399, 403 (5th Cir. 2000) (consulting contract); *Steinberg v. Brennan*, 2005 WL 1837961, at *8 (N.D. Tex. July 29, 2005) (Godbey, J.) (stock purchase agreement); *Costal Bank SSB v. Chase Bank of Tex., N.A.*, 135 S.W.3d 840, 845 (Tex. App. 2004, no pet.) (lending contract); *Ikon Office Solutions, Inc. v. Eifert*, 125 S.W.3d 113, 128 (Tex. App. 2004, pet. denied) (acquisition agreement).

Agreement have precluded claims of fraudulent inducement. *See Armstrong v. Am. Home Shield Corp.*, 333 F.3d 566, 571 (5th Cir. 2003) (holding that reliance was unequivocally disclaimed based on proviso that stated: "This Agreement shall constitute the entire contract between the parties and supercedes all existing agreements between them, whether oral or written, with respect to the subject matter hereof."); *U.S. Quest Ltd. v. Kimmons*, 228 F.3d 399, 403 (5th Cir. 2000) (holding that provision that stated, "the contract is in lieu of any and all prior or contemporaneous agreements, communications or understandings, whether written or unwritten . . . between and among any of the parties . . . or their affiliates with respect to matters set out herein," effectively disclaimed reliance on promise that parties would enter into subsequent contract) (internal quotations omitted); *Ikon Office Solutions, Inc. v. Eifert*, 125 S.W.3d 113, 125-28 (Tex. App. 2004, pet. denied) (holding that the following clause prevented reliance on representations related to job description: "The Acquisition Agreement . . . constitutes the entire agreement concerning the subject matter hereof. No modification or waiver hereof shall be binding upon any party unless in writing and signed by or on behalf of the party against which the modification or waiver is asserted . . . . No commitments have been made relative to bonuses, guarantees or any other special provisions, except as specifically identified herein.") (internal quotation marks and brackets

omitted); *Steinberg v. Brennan*, 2005 WL 1837961, at *6 (N.D. Tex. July 29, 2005) (Godbey, J.) (holding that parties' intent to disclaim reliance on prior representations was demonstrated by clause that provided: "No representations as to the Company's business or prospects have been made to the Purchaser by the Seller or any agents regarding an investment in Shares. The Purchaser acknowledges that neither the Company nor the Seller has prepared, and that neither the Company nor the Seller has been requested by the Purchaser to prepare . . . [a] comprehensive written prospectus or disclosure statement."); *but see Dunbar Med. Sys., Inc. v. Gammex, Inc.*, 216 F.3d 441, 448-49, and 451 (5th Cir. 2000) (holding that fraudulent inducement claim was not barred by merger clause that stated, "the Settlement Agreement contains the entire agreement between the parties, and no representations, inducements, promises, or agreement, oral or otherwise between the parties with reference thereto and not embodied herein shall be of any force," because it did "not reflect the requisite clear and unequivocal expression of intent necessary to *disclaim reliance* on the specific representations.") (emphasis added; internal quotation marks and brackets omitted)).

Although decisions of the Fifth Circuit have sometimes appeared to be inconsistent in interpreting disclaimers of reliance, the disclaimer in the License Agreement more clearly disclaims reliance on extrinsic representations than did the one in

*Dunbar*. The disclaimer in *Dunbar* did not even mention reliance. Moreover, *Dunbar*'s reliance disclaimer was not separate from the contract's merger language. By contrast, the disclaimer in the License Agreement specifically mentions reliance on representations, and the License Agreement places the reliance disclaimer in an independent sentence, separate from the merger clause. The court therefore holds that § 10.9 of the License Agreement clearly and unequivocally disclaims reliance on representations outside of the License Agreement that relate to Franklin's expected sales of Jacuzzi brand pumps.

V

The court next considers whether the License Agreement's disclaimer of reliance precludes Jacuzzi's fraudulent inducement claim at the Rule 12(b)(6) stage.

A

Jacuzzi maintains that its fraudulent inducement claim cannot be dismissed at the pleading stage. It reasons that determining whether a reliance disclaimer is binding entails an inquiry into the circumstances surrounding the contract's formation, and at the pleading stage, Jacuzzi has not been afforded an opportunity to develop facts that would prevent enforcement of the reliance disclaimer. Although Jacuzzi correctly points out that the enforceability of the License Agreement's reliance disclaimer is

contingent on the facts that surround the contract's formation,[6] this does not relieve Jacuzzi of its burden under *Bell Atlantic to plead* "enough facts to state a claim to relief that is plausible on its face." *Bell Atl.*, 127 S. Ct. at 1974. When the contract on which a plaintiff's fraudulent inducement claim is based clearly and unequivocally disclaims reliance on extrinsic representations, the plaintiff's claim for relief is not facially plausible when the complaint fails to allege the factual basis for avoiding enforcement of the contract's reliance disclaimer. When the contract clearly and unequivocally disclaims reliance on the representations of which the plaintiff complains, the plaintiff

---

[6]In *Steinberg* Judge Godbey noted that in two Fifth Circuit cases—*U.S. Quest* and *Armstrong*—the court held, based on *Schlumberger*, that a contract's disclaimer of reliance precluded a fraudulent inducement claim without mentioning any of the *Schlumberger* enforceability factors, such as the role counsel played in forming the contract, whether the clause at issue was extensively negotiated, and the sophistication of the parties. *Steinberg*, 2005 WL 1837961, at *4-*5. Based on *U.S. Quest* and *Armstrong*, Judge Godbey held that the plaintiff's fraudulent inducement claim should be dismissed at the summary judgment stage, simply because the contract clearly and unambiguously disclaimed reliance on the representations at issue, even though the factual record did not flesh out the circumstances surrounding the contract's formation. *Id.* at *4-*5, and *8. *U.S. Quest*, *Armstrong*, and *Steinberg* do not, however, call into question *Schlumberger*'s requirement that analyzing the enforceability of a reliance disclaimer involves an evaluation of the circumstances surrounding the contract. Rather, these cases suggest that the plaintiff must produce evidence of the *Schlumberger* factors that is sufficient to avoid enforcement of the reliance disclaimer. Thus when a plaintiff fails to present evidence that would render unenforceable a clear and unequivocal reliance disclaimer, it is proper to enter summary judgment dismissing the fraudulent inducement claim.

must establish a factual basis to avoid enforcement of the reliance disclaimer. *See supra* note 6. Because Jacuzzi was directly involved in the formation of the License Agreement, any facts necessary to circumvent the reliance disclaimer should already be available to it, without the necessity of first conducting discovery.

B

In concluding that the contract's reliance disclaimer was binding, the *Schlumberger* court noted that the parties were trying to end an ongoing dispute. *See Schlumberger*, 959 S.W.2d at 180. Jacuzzi's amended complaint sufficiently alleges that the License Agreement does not constitute a final settlement to a heated disagreement, but rather forms the basis for the parties to continue a business relationship for up to fifteen years. But several federal and state courts have precluded fraudulent inducement claims based on *Schlumberger* where the contracting parties contemplated an ongoing business relationship. *See supra* note 5. Therefore, the fact that the License Agreement did not itself settle a heated dispute between the parties is insufficient to prevent enforcement of a clear and unequivocal reliance disclaimer. Because Jacuzzi's complaint does not allege any other facts that might prevent enforcement of the License Agreement's disclaimer of reliance on representations relating to Franklin's expected sales of Jacuzzi brand pumps, the complaint fails to state

a claim for fraudulent inducement on which relief can be granted.

C

An element of Jacuzzi's fraudulent inducement claim is the allegation that, during the negotiations for the License Agreement, Franklin fraudulently concealed its plans to develop a competing brand of pump. Jacuzzi argues that a reliance disclaimer does not preclude a fraudulent inducement claim based on a failure to disclose material facts.

To assert successfully its fraudulent inducement claim, Jacuzzi must establish that Franklin had a duty to disclose to Jacuzzi its plans to develop a competing brand of water pumps. *See Schlumberger*, 959 S.W.2d at 181. The court will assume in deciding this motion that Franklin had such a duty.

In *Schlumberger*, after the court held that the release agreement precluded plaintiffs' reliance on representations related to the sea-diamond project's feasibility, it addressed the Swansons' fraudulent concealment claim. The Swansons argued that Schlumberger had a duty to disclose information in its possession indicating the venture's economic viability. *Id*. In analyzing the Swansons' argument, the court assumed that Schlumberger had a duty to disclose this information. *Id.* The court rejected the Swansons' contention that a fraudulent concealment claim does not involve an element of reliance:

> The Swansons assert that the jury's verdict must be sustained because reliance is not an element of a claim for fraud by non-disclosure. We disagree. Reliance is an element of fraud. Fraud by non-disclosure is simply a subcategory of fraud, because, where a party has a duty to disclose, the non-disclosure may be as misleading as a positive misrepresentation of facts.

*Id.* (citation omitted). The Swansons nevertheless argued that the disclaimer of reliance in the release agreement failed to disclaim reliance on Schlumberger's non-disclosures, because the reliance disclaimer mentioned only statements and representations. *Id.* The court disagreed. It held that the disclaimer of reliance in the contract "cover[ed] any 'non-disclosures' that are the equivalent of the representations on which the Swansons disclaimed reliance." *Id.* The court concluded that affirmatively misrepresenting the sea-diamond project's feasibility was the equivalent of failing to disclose information related to the feasibility of the project. *Id.* at 181-82. Because the reliance disclaimer barred reliance on affirmative representations related to the project's viability, it also precluded the Swansons' fraudulent concealment claim based on Schlumberger's non-disclosure of information concerning the same subject matter. *Id.* at 182 ("The Swansons' non-disclosure allegations are simply the converse of Schlumberger's affirmative misrepresentations and are covered by the disclaimer of reliance.").

The principles that precluded the Swansons' non-disclosure

claim in *Schlumberger* also bar Jacuzzi's fraudulent inducement claim concerning Franklin's non-disclosure of its intent to develop a competing brand of water pumps. The court has already held that the License Agreement clearly and unequivocally disclaims reliance on affirmative representations related to Franklin's expected sales of Jacuzzi brand pumps. Franklin's sales of Jacuzzi brand pumps affect Jacuzzi primarily through royalties that it is entitled to receive as a percentage of Franklin's sales. Jacuzzi's fraudulent inducement claim is based on Franklin's plans to develop a brand of water pumps that would compete with and eventually replace the Jacuzzi brand pumps. These plans directly relate to the expected sales of the Jacuzzi brand pumps and, in turn, Jacuzzi's royalty payments. This means that Jacuzzi's non-disclosure claim is merely the converse of its misrepresentation claim, i.e., Franklin misrepresented the amount of sales it would make of Jacuzzi brand pumps, and it concealed that it was developing its own brand of underground water pumps that it intended would replace the Jacuzzi brand pumps. Jacuzzi's fraudulent inducement claim is therefore dismissed.

Jacuzzi's request for rescission of the License Agreement, or in the alternative for amendment, is premised on Franklin's allegedly fraudulent conduct. Because the court is dismissing Jacuzzi's fraudulent inducement claim, its request for rescission or amendment of the License Agreement must also be dismissed.

VI

Although the court is granting Franklin's motion to dismiss, it will allow Jacuzzi to amend its complaint to avoid the reliance disclaimer, and therefore state a fraudulent inducement claim, if it can.

> [I]n view of the consequences of dismissal on the complaint alone, and the pull to decide cases on the merits rather than on the sufficiency of pleadings, district courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal.

*In re Am. Airlines, Inc., Privacy Litig.*, 370 F.Supp.2d 552, 567-68 (N.D. Tex. 2005) (Fitzwater, J.) (brackets omitted) (quoting *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002) (Fitzwater, J.). Accordingly, within 30 days of the date this memorandum opinion and order is filed, Jacuzzi may file an amended complaint. If the amended complaint does not state a claim on which relief can be granted, Franklin may move anew to dismiss under Rule 12(b)(6).

\*   \*   \*

The court grants defendant's July 31, 2007 motion to dismiss. Plaintiff's fraudulent inducement claim, and its corollary request for rescission or amendment of the License Agreement, are dismissed. Jacuzzi is granted leave to amend within 30 days of the

date this memorandum opinion and order is filed.

**SO ORDERED.**

January 22, 2008.

_____
SIDNEY A. FITZWATER
CHIEF JUDGE