IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JACUZZI, INC., § | |
| § | |
| Plaintiff, § | |
| § | Civil Action No. 3:07-CV-1090-D |
| VS. § | |
| § | |
| FRANKLIN ELECTRIC CO., INC., § | |
| § | |
| Defendant. § | |

MEMORANDUM OPINION
AND ORDER

Defendant Franklin Electric Company, Inc. ("Franklin") moves under Fed. R. Civ. P. 12(b)(6) to dismiss the amended fraudulent inducement claim of plaintiff Jacuzzi, Inc. ("Jacuzzi"), contending that the reliance disclaimer in the parties' contract precludes Jacuzzi from relying on the allegedly omitted facts that form the basis of its claim. Because the court agrees with Franklin's argument, it dismisses Jacuzzi's fraudulent inducement claim with prejudice. The court also grants Jacuzzi's implied motion for leave to amend its complaint to add nine other claims.

I

In its first amended complaint, Jacuzzi asserted on two grounds a fraudulent inducement claim concerning the parties' Trademark Licensing Agreement ("License Agreement").[1]  First,

---

[1]The court has already set forth in detail this component of the parties' dispute in its memorandum opinion and order granting Franklin's first motion to dismiss. *See Jacuzzi, Inc. v. Franklin Elec. Co.*, 2008 WL 190319, at *1-*2 (N.D. Tex. Jan. 22, 2008) (Fitzwater, C.J.). Therefore, the court need only recount the facts necessary to understand the basis for the court's present

Jacuzzi alleged that "Franklin knowingly misrepresented to Jacuzzi that Franklin expected its 2005 sales to be $20 million and that it expected that its 2006 sales would exceed $20 million." *Jacuzzi, Inc. v. Franklin Elec. Co.*, 2008 WL 190319, at *2 (N.D. Tex. Jan. 22, 2008) (Fitzwater, C.J.). Second, Jacuzzi asserted a theory of fraudulent concealment on the basis that "Franklin had plans to develop the J-Class pumps during the time it was negotiating the License Agreement with Jacuzzi, but Franklin did not disclose these plans to Jacuzzi." *Id. S*pecifically, Jacuzzi contended that "[b]efore going public with its plan to develop a new brand of underground water pumps that would directly compete with, and eventually replace, the Jacuzzi brand pumps, Franklin first wanted to secure the exclusive rights to the Jacuzzi brand pumps to ensure the success of the J-Class water pumps." *Id.*

In granting Franklin's first Rule 12(b)(6) motion to dismiss, the court held, based on *Schlumberger Technology Corp. v. Swanson*, 959 S.W.2d 171 (Tex. 1997), and its progeny, that the License Agreement's reliance disclaimer prevented Jacuzzi from relying on any representations related to Franklin's anticipated sales of Jacuzzi brand pumps. *Jacuzzi*, 2008 WL 190319, at *5. Furthermore, because the first amended complaint failed "to allege the factual basis for avoiding enforcement of the contract's reliance disclaimer," Jacuzzi's first amended complaint failed to plead a

---

decision.

fraudulent inducement claim based on Franklin's alleged misrepresentations.  *Id.*  Similarly, Jacuzzi failed to plead a fraudulent inducement claim based on Franklin's concealment of its plans to develop a competing brand of water pump that would compete with and eventually replace Jacuzzi brand pumps.  This was because Franklin's alleged non-disclosure was the equivalent or converse of Franklin's alleged representations concerning its anticipated sales of Jacuzzi brand pumps.  *Id.* at *6.  The court dismissed Jacuzzi's fraudulent inducement claim and related request for rescision or amendment of the License Agreement, but it granted Jacuzzi leave "to amend its complaint to avoid the reliance disclaimer, and therefore state a fraudulent inducement claim, if it can."  *Id.* at *7.

Jacuzzi has now filed a second amended complaint that includes an amended fraudulent inducement claim and nine additional causes of action.  The amended fraudulent inducement claim does not, however, plead any new facts that would entitle Jacuzzi to avoid the reliance disclaimer in the License Agreement.  Rather, Jacuzzi attempts to cure its failure to state a fraudulent inducement claim by altering the nature of Franklin's alleged non-disclosure of its intent to develop the J-Class pumps.[2]  Whereas the first amended

---

[2]Because Jacuzzi's fraudulent inducement claim based on Franklin's alleged misrepresentations concerning its anticipated sales of Jacuzzi brand pumps is the same as in the first amended complaint, and Jacuzzi has failed to plead additional facts that would entitle it to avoid the License Agreement's reliance

complaint's fraudulent concealment claim was premised on Franklin's non-disclosure of its intent to develop a competing brand of water pump that would eventually replace Jacuzzi brand pumps, the second amended complaint avers, "Franklin Electric omitted to disclose to Jacuzzi, in advance of the parties entering into the Trademark License Agreement, its intention to destroy and render worthless the well-known and valuable JACUZZI trademark and logo in the water systems market." 2d Am. Compl. ¶ 28. Thus Jacuzzi argues that "Franklin's failure to disclose its intent and plan to destroy and render worthless the JACCUZZI® mark and logo is neither the converse nor the equivalent of Franklin's misrepresentations regarding expected sales" because the newly pleaded non-disclosure claim "relates to an entirely different subject matter or aspect of the agreement, *i.e.*, Franklin's obligations under the License Agreement to protect the JACUZZI® mark." P. Resp. 7.

II

Even assuming that the amended non-disclosure claim's emphasis on Jacuzzi's trademark rights prevents the alleged non-disclosure from being the equivalent or converse of a representation concerning Franklin's expected sales of Jacuzzi brand pumps, the converse representation of Jacuzzi's newly pleaded non-disclosure claim is a representation for which Jacuzzi has disclaimed

---

disclaimer, the court must dismiss it. Jacuzzi seems to acknowledge this because it only addresses its fraudulent concealment claim in its response brief.

reliance. Thus Jacuzzi has failed to state a fraudulent concealment claim.

Jacuzzi acknowledges in its second amended complaint that,

> [i]n negotiating the [License Agreement], Jacuzzi had sought to ensure that its well-known and valuable mark would be preserved by [Franklin] during the term of the [License Agreement], and specifically incorporated limitations and restrictions on [Franklin's] rights under the license as well as identified quality standards to be upheld by [Franklin] to protect the goodwill associated with the JACUZZI trademark . . . . Moreover, Jacuzzi was careful to set forth in the [License Agreement] strict obligations on [Franklin] regarding the use and display of the licensed marks, the rights in the licensed marks, and the protection of the licensed marks.

2d Am. Comp. ¶¶ 20-21 (parenthetical notations omitted). Over three pages of the License Agreement are devoted to protecting the value of Jacuzzi's trademarks. *See* Lic. Agrmt. §§ 3-6. The License Agreement explicitly states that the "[Franklin] acknowledges that the Licensed Marks have established valuable goodwill and reputation and agrees to maintain the quality of its use of the Licensed Marks[.]" *Id.* at § 3. "Accordingly, [Franklin] agrees that the Covered Products . . . will be designed, manufactured, advertised, promoted, distributed and sold only in a manner that . . . is commensurate with the prestige and reputation of the Licensed Marks." *Id.* Franklin "shall not use, directly or indirectly, the Licensed Marks in a manner which is likely to derogate from the integrity, distinctiveness, goodwill, value or

strength of the Licensed Marks." *Id.* at § 4.2. The License Agreement also provides that Franklin "shall not itself and shall not assist, permit, or encourage any other party to . . . do anything or omit to do anything that might impair, damage, compromise, jeopardize, violate, or infringe the Licensed Marks[.]" *Id.* at § 6.1.

A representation by Franklin that it did not intend to destroy or render worthless Jacuzzi's trademarks in the water systems market is a representation for which Jacuzzi disclaimed reliance, because the License Agreement contains a binding reliance disclaimer and deals extensively with the protection of Jacuzzi's trademark rights. *See Playboy Enters., Inc. v. Editorial Caballero, S.A. de C.V.*, 202 S.W.3d 250, 259 (Tex. App. 2006, pet. denied) ("*PEI*") (holding that representation was covered by License Agreement's reliance disclaimer because alleged misrepresentation "dealt with matters specific to [the defendant's] rights under the License Agreement[.]" (citing *Schlumberger*, 959 S.W.2d at 180-81). Because Jacuzzi's amended non-disclosure claim based on Franklin's concealment of its intent to destroy or render worthless Jacuzzi's trademarks is simply the converse of a representation that Franklin did not intend to destroy or render worthless Jacuzzi's trademarks—a representation for which Jacuzzi disclaimed reliance—Jacuzzi's amended non-disclosure claim fails as a matter of law. *See Schlumberger*, 959 S.W.2d at 181-82.

Jacuzzi's reliance on *PEI* is misplaced.  In *PEI* the court of appeals reversed a verdict for the plaintiff on a fraudulent inducement claim, concluding that the License Agreement prevented reliance on the defendants' oral representations as a matter of law.  *PEI*, 202 S.W.3d at 256-59.  The jury returned a verdict in plaintiffs' favor on a fraudulent concealment claim that was premised on the defendant's failure to disclose specific concerns that it had with the License Agreement.  *Id.* at 259-63.  The defendant's challenge to the verdict on the concealment claim, however, was premised solely on the ground that the defendant had no duty to disclose the information at issue, and the court of appeals only analyzed whether the defendant had such a duty.  *Id.* at 259.  There is no indication that the defendant argued, and the court of appeals did not address, whether the plaintiffs' non-disclosure allegation was merely the converse of a representation for which the plaintiff had disclaimed reliance.  In this court's prior and present opinions in this case, the court has assumed that Franklin had a duty to disclose the information that forms the basis of Jacuzzi's fraudulent concealment allegations.  *See Jacuzzi*, 2008 WL 190319, at *6 ("The court will assume in deciding this motion that Franklin had such duty.").  Therefore, *PEI* does not save Franklin's non-disclosure claim, and the claim must be dismissed with prejudice, and without leave to amend (now that it has failed twice).

III

Jacuzzi's second amended complaint, filed after the court dismissed Jacuzzi's only two claims in the first amended complaint, contains nine new causes of action in addition to the repleaded fraudulent inducement claim. The court's order dismissing Jacuzzi's first amended complaint expressly granted Jacuzzi leave to amend its complaint, but the leave to amend was limited to Jacuzzi's fraudulent inducement claim. *Jacuzzi*, 2008 WL 190319, at *7 ("[The court] will allow Jacuzzi to amend its complaint to avoid the reliance disclaimer, and therefore state a fraudulent inducement claim, if it can."). Thus the court must address whether Jacuzzi was required to seek leave of court before adding these additional nine claims.

A

Fed. R. Civ. P. 15(a) provides:

> (1) A party may amend its pleading once as a matter of course:
> (A) before being served with a responsive pleading; or
> (B) within 20 days after serving the pleading if a responsive pleading is not allowed and the action is not yet on the trial calendar.
> (2) In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave.

When Jacuzzi filed the second amended complaint, Franklin had not served Jacuzzi with a responsive pleading, and there is no indication that Jacuzzi obtained Franklin's written consent. Moreover, [t]his court follows the prevailing view that a motion to

dismiss is not a responsive pleading." *Whitaker v. City of Houston*, 963 F.2d 831, 834-35 (5th Cir. 1992). "A literal interpretation of Rule 15(a), therefore, would allow a plaintiff to amend as a matter of course even after a motion to dismiss has been granted." *Id.* at 835. The circuits have taken different positions on whether the granting of a motion to dismiss cuts off the plaintiff's right to amend the complaint as a matter of course. *See United States v. Union Corp.*, 194 F.R.D. 223, 229-31 (E.D. Pa. 2000) (describing three basic approaches courts have taken). But in this circuit, when a court dismisses the complaint (or individual claims) without prejudice, the plaintiff must seek leave to amend the complaint even if the plaintiff has not yet been served with a responsive pleading. *See Whitaker*, 963 F.2d at 835. Accordingly, Jacuzzi was required to seek leave to amend its complaint before adding the nine causes of action.

B

Although Jacuzzi was obligated to seek leave, "Rule 15(a) does not state that a request for leave to amend a complaint must be made by formal motion." *Porm v. Peters*, 996 F.2d 1219, at *1 (7th Cir. Apr. 28, 1993) (unpublished table decision). A number of courts have construed the filing of an unauthorized amended complaint as an implied motion for leave to amend. *E.g.*, *Marin v. HEW, Health Care Fin. Agency*, 769 F.2d 590, 592-93 (9th Cir. 1985) (noting that district court treated filing of amended complaint as

an implied request for leave to file amended complaint); *Tish v. Magee-Women's Hosp. of the Univ. of Pittsburgh Med. Ctr.*, 2007 WL 1221137, at *2, *5-*8 (W.D. Pa. Apr. 24, 2007) (treating unauthorized filing of amended complaint as implicit request for leave to amend, and granting leave under Rule 15(a)); *Porche v. Oden*, 2003 WL 21799967, at *1 (N.D. Ill. July 30, 2003) (same); *Lash Corp. v. Fisher Hamilton Scientific, Inc.*, 1996 WL 111582, at *3-*4 (W.D.N.Y. Jan. 11, 1996) (same). In its discretion, and under the circumstances presented here (including the absence from Franklin of any objection to the addition of these claims), the court will construes Jacuzzi's second amended complaint as an implied motion for leave to amend.

C

Because Jacuzzi's February 20, 2008 motion for leave to amend was filed before the April 1, 2008 deadline set in the scheduling order for filing such motions, the court applies a "presumption of timeliness." *Poly-Am., Inc. v. Serrot Int'l Inc.*, 2002 WL 206454, at *1 (N.D. Tex. Feb. 7, 2002) (Fitzwater, J.). The court also follows the liberal standard of Rule 15(a)(2). *See S & W Enters., L.L.C. v. SouthTrust Bank of Ala., N.A.*, 315 F.3d 533, 536 (5th Cir. 2003). Under Rule 15(a)(2), "[t]he court should freely give leave when justice so requires."

> In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be "freely given."

*Foman v. Davis*, 371 U.S. 178, 182 (1962). Franklin answered the second amended complaint on March 19, 2008 and thus waived any argument of prejudice. Finding no other reason against permitting leave, the court grants Jacuzzi's motion for leave to amend its complaint, and it deems the additional nine claims included in the second amended complaint to have been included with leave of court.

\* \* \*

Accordingly, the court grants Franklin's March 19, 2008 motion to dismiss and dismisses Jacuzzi's fraudulent inducement claim with prejudice, and without leave to amend that claim. The court also deems the additional nine claims included in the second amended complaint to have been included with leave of court.

**SO ORDERED.**

May 27, 2008.

_____
SIDNEY A. FITZWATER
CHIEF JUDGE